IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAE H. CHON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S 60(d) MOTION<br><br><br><br>Criminal Case No. 2:01-CR-487 TS<br><br>Civil Case No. 2:09-CV-654 TS |

This matter is before the Court on Petitioner's 60(d) Motion. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Petitioner was indicted on August 22, 2001, on three counts of distribution and possession of pseudoephedrine knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). Petitioner absconded from supervision in January 2003, and remained a fugitive until October 2006, when he turned himself in to authorities.

A jury trial was held in July of 2007. Petitioner was acquitted of two counts, but convicted of the third. On October 26, 2007, Petitioner was sentenced to 180 months imprisonment. Judgment was entered on October 29, 2007.

Petitioner filed a Notice of Appeal on November 8, 2007. On appeal, Petitioner alleged that the Court "violated his Sixth Amendment rights when it (1) abused its discretion by admitting the testimony of a government witness where a juror was familiar with the witness; and (2) did not disqualify a juror or at least inquire further into any possible bias on the part of that juror *sua sponte* once it became apparent that the juror knew the witness."[1] These issues arose out of the government's use of a previously undisclosed rebuttal witness who was known by one of the jurors.[2] The Tenth Circuit Court of Appeals rejected Petitioner's arguments and affirmed his conviction on September 2, 2008.

Petitioner filed a § 2255 Motion on July 23, 2009. In his Motion, Petitioner raised twenty separate grounds for relief. As in the instant Motion, Petitioner complained of the use of the testimony of a confidential informant. On September 29, 2010, the Court denied Petitioner's § 2255 Motion, finding that many of Petitioner's claims, including those claims related to the confidential informant, were procedurally barred.

On October 25, 2010, Petitioner filed a motion seeking to alter or amend the judgment under Fed.R.Civ.P. 59(e). The Court found Petitioner's motion to be a mixed motion and denied his true Rule 59(e) motion and declined to transfer his second or successive petition.

---

[1] *United States v. Chon*, 291 F. App'x 877, 878 (10th Cir. 2008).

[2] *Id*. at 879.

Petitioner appealed and on May 25, 2011, the Tenth Circuit Court of Appeals denied his request for a certificate of appealability and dismissed his appeal. Subsequently, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.

Petitioner now files the instant Motion. Petitioner's Motion purports to be filed pursuant to Rule 60(d) and argues that his conviction should be vacated because of fraud on the Court. Specifically, Petitioner asserts that the government presented the false testimony of a witness and concealed information about that same witness.

## II.  DISCUSSION

As an initial matter, the Court notes that Petitioner's Motion presents a difficult issue of whether it should be construed as a true 60(b) motion, a second or successive § 2255 petition, or a motion under 60(d)(3). The Court need not ultimately decide the issue because Petitioner's Motion fails under each.

A.  60(b)

"[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[3] A motion "is a 'true' 60(b) motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."[4]

---

[3] *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

[4] *Id.* at 1215-16.

3

"If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion.[5] "In the case of a 'mixed' motion—that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims—the district court should (1) address the merits of the Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization."[6]

In this case, Petitioner makes certain allegations that could be construed as both a true Rule 60(b) motion and a second or successive petition. Therefore, the Court will address both, beginning with Rule 60(b).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[8] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[9]

---

[5]*Id*. at 1217.

[6]*Id*.

[7]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8]*Id*.

[9]*Id*.

Having reviewed Petitioner's motion, the Court finds that it falls short of what is required to prevail on a 60(b) motion. While Petitioner could be seen as making an argument that there is new evidence or a need to correct clear error or prevent manifest injustice, Petitioner provides no evidence and makes only conclusory statements about the government's alleged misconduct. Therefore, the Court will dismiss those portions of Petitioner's Motion that can be construed as a "true" Rule 60(b) motion.

B.   SECOND OR SUCCESSIVE

As stated, "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[10] The Tenth Circuit has cautioned that "spurious attempts to re-cast sustantive habeas arguments in the guide of 'fraud on the court' . . . will properly be treated as an attempt to allege or re-allege substantive grounds for habeas relief, thus presenting a second or successive petition."[11]

Petitioner's original § 2255 motion raised a number of claims concerning the government's use of the confidential informant and the confidential informant's testimony. Petitioner's 60(d) Motion largely raises the same issues, but they are framed as fraud on the court. Under *Spitznas*, this Motion is to be treated as a second or successive § 2255 petition.

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district

---

[10] *Spitznas*, 464 F.3d at 1215.

[11] *Id*. at 1216 n.4.

court to consider the motion."[12] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[13] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[14]

The Tenth Circuit has provided several factors a court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[15]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion and, as a result, the Court will dismiss those portions of Petitioner's Motion for lack of jurisdiction.

C.  60(d)

The Court notes that there is some disagreement as to whether a motion under 60(d) should be classified as a second or successive § 2255 petition. The Tenth Circuit has not ruled on this issue directly. However, in an unpublished decision, the Tenth Circuit "assum[ed] the existence of a fraud on the court exception to the gatekeeping requirements and affirmative

---

[12]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[13]*Id*. at 1251.

[14]*See* 28 U.S.C. § 1631.

[15]*In re Cline*, 531 F.3d at 1251.

6

limitations in § 2255 applicable to second or successive motions."[16] Following that same assumption, the Court will consider whether Petitioner has demonstrated grounds upon which relief could be granted.

In *Hazel-Atlas Glass Co. v. Hartfod-Empire Co.*,[17] the Supreme Court recognized what is referred to as the "fraud on the court" doctrine.

> Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud . . . where the impartial functions of the court have been directly corrupted.[18]

The Tenth Circuit has stated:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.[19]

The court has further stated:

> We think it clear that "fraud on the court," whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate under the *Hazel–Atlas* standard. Thus, when there is no intent to deceive, the fact

---

[16]*United States v. McVeigh*, 9 F. App'x 980, 983 (2001).

[17]322 U.S. 238 (1944).

[18]*Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (citation omitted).

[19]*Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978))

that misrepresentations were made to a court is not of itself a sufficient basis for setting aside a judgment under the guise of "fraud on the court."[20]
Fraud upon the court must be proven by clear and convincing evidence.[21]

Having reviewed Petitioner's Motion, the Court finds that it fails to successfully state a fraud on the court claim. Petitioner provides absolutely no evidence to support his statements and makes only conclusory allegations that the government engaged in misconduct. As a result, the Court finds that Petitioner's claim under Rule 60(d) must be dismissed.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's 60(d) Motion (Docket No. 144 in Criminal Case No. 2:01-CR-487 TS) is DENIED.

DATED   August 14, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[20] *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).

[21] *Weese*, 98 F.3d at 552.